NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ON DEMAND DIRECT RESPONSE, LLC; et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHANA LEE MCCART-POLLAK, DBA LOL Buddies Enterprises, <br><br>  Defendant-third-party-<br>  plaintiff-Appellant, <br><br> v. <br><br> JAY AT PLAY INTERNATIONAL, LTD.; et al., <br><br>  Third-party-defendants-<br>  Appellees, <br><br> and <br><br> JAY FRANCO & SONS, INC., <br><br>  Third-party-defendant. | No.   19-15948 <br><br> D.C. No. <br> 2:15-cv-01576-MMD-GWF <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 30, 2021[]

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Shana Lee McCart-Pollak ("Pollak") appeals pro se the district court's orders dismissing in part and granting summary judgment in part on her third-party claims in an action brought under the Lanham Act by On Demand Direct Response, LLC, and On Demand Direct Response III, LLC.  We review de novo the district court's dismissal for failure to state a claim, and we review for an abuse of discretion the district court's denial of leave to amend.  *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072, 1076 (9th Cir. 2020).  We review de novo the district court's grant of summary judgment.  *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).  We affirm.

The district court properly denied leave to amend after concluding that the third-party defendants had not consented to amendment of Pollak's third-party complaint.  *See* Fed. R. Civ. P. 15(a)(2) (party may amend pleading either with opposing party's consent or by leave of court).  The district court properly, without prior notice, sua sponte dismissed claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) after concluding that Pollak could not possibly

_____

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

win relief on those claims, and properly gave her notice, as a pro se litigant, of which other claims could be amended. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (a sua sponte dismissal under Rule 12(b)(6) "may be made without notice where the claimant cannot possibly win relief"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."). After allowing amendment only of certain claims, the district court properly exercised its discretion in striking from a subsequent amended third-party complaint the claims that it previously had dismissed without leave to amend. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (court has broad discretion to manage its docket).

The district court did not err in granting summary judgment on Pollak's claim for unjust enrichment because she failed to establish a triable issue on whether she conferred a benefit on third-party defendant Kevin Harrington, whether he received value from such a benefit, or whether he retained the benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of its value. *See Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 257 (Nev. 2012) (elements of unjust enrichment under Nevada law).

3

The district court properly exercised its discretion in denying Pollak's motion for discovery sanctions under Federal Rule of Civil Procedure 37(c)(1). *See Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 808 (9th Cir. 2019).

The issue whether the district court abused its discretion in entering a preliminary injunction against Pollak is moot because the preliminary injunction has expired, and the district court has entered final judgment. *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016).

Pollak's motion to include transcripts in the record on appeal (Docket Entry No. 4) is denied as unnecessary.

**AFFIRMED.**